UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MARIA B. HERNANDEZ, § <br> § <br> Plaintiff, § <br> VS. § <br> § <br> KNOWLEDGE ENTERPRISES § <br> INCORPORATED; dba KINDERCITY DAY § <br> CARE, *et al*, § <br> § <br> Defendants. § | CIVIL ACTION NO. 4:12-CV-2375 |

## OPINION AND ORDER

Pending before the Court is Plaintiff Maria B. Hernandez's Amended Motion for Entry of Default Judgment and Motion for Final Judgment (Doc. No. 9) against Defendants Knowledge Enterprises Incorporated d/b/a Kindercity Day Care ("Knowledge Enterprises"), Wisdom Daycare Enterprises, Inc. f/k/a Wisdom Enterprises, Inc. d/b/a Kinderworld Day Care and Learning Center ("Wisdom Enterprises"), and Izathunisa Moosavi. Having considered the motion, the facts of the case, and the applicable law, the Court concludes that the motion should be denied.

Federal Rule of Civil Procedure 55 sets forth the conditions and procedures for entering a default and entering a default judgment. First, when a party's default is established by affidavit or otherwise, the clerk must enter that party's default. Fed. R. Civ. P. 55(a). Second, after such entry, the plaintiff may apply to the court for a default judgment. Fed. R. Civ. P. 55(b). Whether this application is granted is a matter within the sound discretion of the district court, as a default judgment is not a matter of right even when the defendant is technically in default. *Ameser v. Nordstrom, Inc.*, 442 F. App'x 967, 969 (5th Cir. 2011) (quoting *Mason v. Lister*, 562 F.2d 343,

345 (5th Cir. 1977)). Furthermore, default judgments are a drastic remedy to be used only in extreme situations, as federal courts prefer to adjudicate disputes on their merits. *Id.* (quoting *Mason*, 562 F.2d at 345); *see also Harper Macleod Solicitors v. Keaty & Keaty*, 260 F.3d 389, 393 (5th Cir. 2001). Therefore, any questions regarding the propriety of default judgment should be resolved against such judgment and in favor of adjudication on the merits.

In this case, Plaintiff filed a motion for default judgment (Doc. 7) on October 1, 2012, and Defendant Izathunisa Moosavi made a pro se appearance by filing a response (Doc. 8) on October 22, 2012, on behalf of both Moosavi and corporate Defendants, Knowledge Enterprises and Wisdom Enterprises. In that response, Moosavi showed good cause for having failed to answer Plaintiff's complaint and stated the intent of Moosavi and corporate Defendants to defend against Plaintiff's claims. This response is sufficient with respect to Moosavi—at least for the purpose of making an appearance—but not with respect to the corporate entities.

First, Federal Rule of Civil Procedure 12(a)(1) requires a defendant to serve an answer within twenty-one days of being served with the summons and complaint. Defendants still have yet to answer Plaintiff's complaint (Doc. 1), which was filed on August 8, 2012. Second, in federal court a corporation cannot proceed pro se but must be represented by counsel. *Memon v. Allied Domecq QSR*, 385 F.3d 871, 873 (5th Cir. 2004). Upon a corporation's appearance without counsel, the court should warn the corporation to obtain counsel and afford it the opportunity to cure this defect before striking its pleadings. *Id.* at 874. The Court acknowledges Defendants' intent to plead their case; it is now incumbent upon them to do so in accordance with the rules outlined above.

For the foregoing reasons, the Court concludes that default should not be entered against Defendants, pending their filing an answer to Plaintiff's complaint and Defendant corporate

entities' obtaining counsel. Accordingly, it is hereby

ORDERED that Plaintiff's Amended Motion for Entry of Default Judgment and Motion for Final Judgment (Doc. No. 9) is DENIED. It is further

ORDERED that Plaintiff's Motion for Default Judgment (Doc. 7) is DENIED as moot. It is further

ORDERED that Defendants Knowledge Enterprises and Wisdom Enterprises shall obtain counsel and file a notice of appearance within twenty-one days. Failure to comply may result in the Court's entering a default judgment against them. It is further

ORDERED that all Defendants shall file an answer to Plaintiff's complaint within twenty-one days. Failure to comply may result in the Court's entering a default judgment against them.

SIGNED at Houston, Texas, this 29th day of October, 2012.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE